existence. As the proofs in this case failed to show that an appeal was prayed for from the judgment of the justice of the peace, after it had been rendered, it was the duty of the trial court to have dismissed the appeal on the motion presented by Skimutis asking therefor. The appeal from the justice not having been prayed for in the time prescribed by statute, the City Court acquired no jurisdiction of the case and could have entered no order in it except to dismiss the appeal. *Rozier v. Williams*, 92 Ill. 187. The judgment of the City Court of East St. Louis will be reversed and the cause remanded with directions to that court to dismiss the appeal for want of jurisdiction.

*Reversed and remanded with directions.*

---

## Town of Grand Prairie, Appellee, v. Fred Schneider, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Jefferson county; the Hon. ANDREW D. WEBB, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

### Statement of the Case.

Action by Town of Grand Prairie, plaintiff, against Fred Schneider, defendant, before a justice of the peace for obstructing a public highway. From a judgment against defendant for $65.10 and costs on appeal to the Circuit Court, defendant appeals.

SCHUL & ORE, for appellant; C. F. DEW, of counsel.

W. G. MURPHEY and CURTIS WILLIAMS, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. ROADS AND BRIDGES, § 21*—*when prescriptive highway not established.* Evidence in an action for obstructing a highway, *held* insufficient to show the existence of a highway by prescription.

2. TRIAL, § 69*—*when limitation in number of witnesses improper.* Limitation as to number of witnesses to prove an essential and strongly controverted point, *held* erroneous, particularly where the limitation was applied to the witnesses for only one of the parties.

---

## Francis M. Parish, Appellant, v. Noah C. Bainum and Charles A. Bainum, Appellees.

1. JOINT ADVENTURES, § 6*—*when right to share in profits is not forfeited.* Where, under an arrangement for the purchase of land for platting and sale, one of the parties was to furnish the purchase money and to receive a percentage of the profits of the sale, the failure of such party to furnish all of the purchase money required did not forfeit his right to share in the profits at the agreed rate, where the money furnished was accepted by the other parties to the agreement without requiring him to submit to a reduction of his interest in the profits *pro tanto.*

2. JOINT ADVENTURES—*what does not constitute release of interest in enterprise.* Where one of several parties to a written contract for their joint enterprise and profit took the note of the other parties thereto for their part of the purchase money used in such enterprise, as provided in such contract, and thereafter said note was in part paid and surrendered and two new notes given for the remainder due' thereon, *held* that such division of the balance due on the original note into two notes did not operate as a release of the payee's interest in the enterprise under said contract.

3. JUDGMENT, § 419*—*when dismissal of suit is not bar to subsequent suit.* Where a suit was dismissed on complainant's motion without prejudice, after answer upon oath filed under a bill not waiving answer under oath, *held* that the matters set up in such

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.